**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3481
_____

YAN YAN,

Appellant

v.

PENN STATE UNIVERSITY; ZHI-CHUN LAI; LI-LUN HO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-00212)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2013

Before:  CHAGARES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 18, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Yan Yan filed suit against the Pennsylvania State University

("PSU"), Zhi-Chun Lai, and Li-Lun Ho.  Her complaint included claims for gender

discrimination and retaliation, as well as hostile educational environment, under Title IX,

20 U.S.C. § 1681(a), and retaliation and equal protection claims pursuant to 42 U.S.C. § 1983. Yan's claims arise from her participation in, and ultimate termination from, a Ph.D. program in the Intercollege Graduate Program in Cell and Developmental Biology (CDB) at PSU. The District Court granted defendants' motion for summary judgment, and this appeal ensued. We will affirm.

Yan was admitted as a Ph.D. candidate in the CDB program in June 2007. Pursuant to a "Memorandum of Understanding" ("the agreement"), Yan was to work as a teaching assistant and conduct her research in the lab of defendant Lai, Chair of the CDB program. Yan was also required to take a CDB comprehensive ("comp") exam in the "summer of 2008." Defendant Ho was a graduate student and senior lab member. On January 26, 2008, while Yan and Ho were working in the lab, Yan broke two fingers on her right (and dominant) hand while attempting to move a large carbon dioxide cylinder by herself.

On February 26, 2008, Yan filed a report with PSU's Police Services alleging that Ho had exhibited threatening and intimidating behavior in the lab, which ultimately led to her injury. Yan's allegations were deemed unsubstantiated, and the matter was transferred to PSU's Judicial Affairs Office (JAO) which determined that the matter was one of inter-personal conflict. On March 5, 2008, the JAO issued Administrative Directives advising both Yan and Ho to cease contact with one another.

On April 1, 2008, Yan received notice from Lai that her comp exam would be on May 1, 2008, before five doctoral committee members. Yan sat for the exam and the

committee unanimously failed her. She was then terminated from both Dr. Lai's lab and the CDB program. Yan's initial appeal was denied. On July 11, 2008, Yan appealed to Dr. Eva Pell, Dean of the Graduate School, blaming her injury and the precipitous exam date for her failure to pass the exam. She also asserted that Lai's action in moving up her comp exam violated the terms of the agreement. In a supplemental letter dated July 27, 2008, Yan complained that Ho's harassment significantly contributed to her failing the exam. In a letter dated July 31, 2008, Dr. Pell advised Yan that she would be permitted to retake her comp exam because administering it before the beginning of the summer semester had violated the terms of the agreement. Yan was informed by letter dated August 1, 2008, that the CBD program had rescheduled the comp exam for August 15, 2008, the last day of the summer term. Yan's request to extend the time for retaking the exam was denied. After Yan failed to appear for the exam, she was terminated from the CDB program.

Yan brought suit alleging that Ho's harassment and discrimination were gender-based and resulted in a hostile educational environment in violation of Title IX. She further alleged that the rescheduling of the comp exam for August 15th was a "sham" and that PSU's failure to offer "reasonable accommodations and [a] reasonable opportunity" to retake the exam further violated her rights under Title IX. In her complaint, Yan asserted that she was retaliated against for filing the police report and protesting the alleged Title IX violations, and that she was subjected to gender discrimination. The District Court granted summary judgment on all claims.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). We review questions concerning whether a district court prematurely granted summary judgment for abuse of discretion. See Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989).

Yan argues on appeal that the District Court erred in granting summary judgment while discovery was still pending. After the Court granted an extension for discovery, Yan moved for an "indefinite stay" of the proceedings based on her need to return to China. The motion was denied and, after the discovery period ended, defendants moved for summary judgment. Yan did not seek any further extension of the discovery period nor did she file a motion to compel answers or interrogatories. Having failed to alert the District Court of the need for additional discovery pursuant to Fed. R. Civ. P. 56(d), Yan has waived the issue on appeal. See Radich, 886 F.2d at 1393-94 (applying and construing the former Rule 56(f) which is substantially the same as the current Rule 56(d)).[1]

Our de novo review satisfies us that a grant of summary judgment was warranted

---

[1] Yan asserts that she did comply with Rule 56(d) in her "Motion to Reconsider" the order granting summary judgment. While there are no set time limits for filing a Rule 56(d) affidavit, we have no doubt it is prior to the court's final order in the case. To the extent that Yan seeks review of the order denying the motion to reconsider, we cannot consider it because she did not appeal or file an amended notice of appeal from that order. See Fed. R. App. P. 4(a)(4)(B)(ii).

4

in this case. In granting summary judgment, the District Court properly determined that there was an absence of evidence to support Yan's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In opposing summary judgment, Yan relied on her amended complaint and an unsworn counterstatement of the facts, as well as Answers to Interrogatories that were not before the Court.[2] Rule 56(e), however, required Yan to go beyond the pleadings to demonstrate "specific facts showing that there [was] a genuine issue for trial." Id. Moreover, unsworn factual statements do not constitute competent evidence for purposes of defeating a motion for summary judgment. See Fowle v. C & C Cola, a Div. of ITT-Cont'l Baking Co., 868 F.2d 59, 67 (3d Cir. 1989). Furthermore, to the extent that Yan's brief in opposition to summary judgment contained characterizations of the evidence, it had no probative value. See Jersey Cent. Power & Light Co. v. Twp. of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985). Yan maintains on appeal that there was sufficient record evidence, including that presented by defendants, to create a genuine issue of material fact. We will consider each of her claims individually.[3]

---

[2] Although Yan repeatedly referenced her Answers to Interrogatories throughout her summary judgment response, she did not submit them to the District Court until she filed her Motion for Reconsideration, after summary judgment was granted. Therefore, they were not part of the record evidence for purposes of the summary judgment motion.

[3] Yan has filed a motion to expand the record on appeal to include numerous documents which were not before the District Court. After reviewing the submission, we conclude that Yan's case does not present the sort of "exceptional circumstances" that would justify supplementing the record on appeal, see Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226-27 (3d Cir. 2009), particularly where the documents do not support a finding that summary judgment was incorrect. Accordingly, we will deny

<u>Hostile Educational Environment Claim</u>

To prevail on her Hostile Educational Environment claim, Yan needed to demonstrate that sexual harassment occurred that was "so severe, pervasive, and objectively offensive" that it deprived her of "access to the educational opportunities or benefits" provided by PSU. <u>Davis v. Monroe Cnty. Bd. of Educ.</u>, 526 U.S. 629, 650 (1999). Yan also needed to show that PSU was "deliberately indifferent to known acts" of sexual harassment. <u>Id.</u> at 647. As the District Court explained, Yan failed to present any evidence beyond the allegations in the complaint to support this claim. Yan also failed to present evidence that PSU had been on notice of a claim for gender discrimination prior to the time it ceased in March 2008. The police report indicates that Yan complained generally of Ho's behavior; there is no evidence that she notified authorities that Ho's behavior was the result of gender discrimination. There is also no evidence that she specifically complained of Ho's behavior to Dr. Lai. Moreover, defendants presented evidence indicating that Yan failed to advise the JAO that her difficulties with Ho were gender-based. General complaints do not constitute protected activity without indicating a connection to a protected class. <u>See</u> <u>Barber v. CSX Distribution Servs.</u>, 68 F.3d 694, 701 (3d Cir. 1995). Finally, Yan admitted that Ho's alleged harassment ceased once the administrative directives were issued. <u>See</u> <u>Davis</u>, 526 U.S. at 645 ("[T]he deliberate indifference must, at a minimum, cause students to

the Appellee's motion to expand the record.

undergo harassment or make them liable or vulnerable to it.") (internal quotation marks omitted). Accordingly, the District Court properly granted summary judgment on this claim.

Retaliation Claims

Yan alleged that her comp exam was accelerated and she was ultimately excluded from the program in retaliation for having complained of gender discrimination in violation of Title IX. To prevail on this claim, she needed to show that PSU "retaliated against [her] *because* [she] complained of sex discrimination." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (emphasis in original). To establish a prima facie case, Yan had to demonstrate that she complained of sexual harassment, that PSU knew she had complained of such, and that it took adverse action because of her complaints. See Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 91 (2d Cir. 2011). As we previously noted, there is no record evidence to suggest that, prior to taking her comp exam, Yan informed PSU of her gender discrimination complaints. Thus, the accelerated exam date could not serve as a basis for her claim. There is evidence, however, that PSU arguably was put on notice of the alleged discrimination by Yan's July 27, 2008 supplemental letter to her appeal which indicated that some of the harassment was gender-based.[4] The District Court concluded that Yan had failed to

---

[4] Yan stated that Ho "was unhappy with me because of my gender," and that, when asked for help, he stated, "That is not good I am only male in this lab" and "Why don't you ask your husband for help?" Yan further alleged that she had seen Ho harass "another female Asian undergraduate student," but had never seen him harass a male student.

7

present evidence which would establish a causal connection between an adverse action and her complaints. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000). Of the two potential adverse actions, the accelerated exam date and exclusion from the program, the District Court only addressed the former; because PSU was arguably on notice before the latter, its reasoning is insufficient to support the grant of summary judgment. Nevertheless, as our review is plenary, we may conclude that summary judgment was otherwise warranted on this claim. Mikula v. Allegheny Cnty. of Pa., 583 F.3d 181, 185 (3d Cir. 2009).

Yan asserted that the rescheduling of her comp exam was a "sham" and retaliatory. Dr. Pell's letter granting Yan's appeal was written four days after Yan's July 27th letter informing her of the discrimination. A day later, the exam was rescheduled for August 15th. The evidence in the record overwhelmingly indicates that there was no causal connection between Yan's protected activity and her ultimate expulsion from the program. Defendants included two affidavits indicating that the decision to grant Yan's appeal was made on July 25th, two days prior to receiving Yan's supplemental letter. Yan had repeatedly claimed that the accelerated exam had violated the agreement because it was administered prior to the "summer of 2008." The University agreed and rescheduled the exam for the last day of the summer term. It was Yan's failure to sit for the rescheduled exam which resulted in her termination from the program. Pell's actions could not then be determined to be retaliatory. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 137 (3d Cir. 2006) (Defendant "need not refrain

8

from carrying out a previously reached [] decision because [Plaintiff] subsequently claims to be engaging in a protected activity"). Accordingly, PSU is entitled to summary judgment on this claim.

Section 1983 Claims

Yan brought claims for retaliation under § 1983, alleging that all three defendants unlawfully retaliated against her for exercising her constitutional rights in violation of the First and Fourteenth Amendments. We agree with the District Court's determination that the claims against PSU fail because there was no evidence of an "official policy" that resulted in the deprivation of Yan's constitutional rights. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) (because a government entity cannot be held liable under theory of respondeat superior, there must be an official governmental policy responsible for the alleged deprivation of constitutional rights). Defendant Ho was also entitled to summary judgment as he was not a "state actor" for purposes of § 1983; there was absolutely no evidence in the record, besides the allegations in the complaint, that Ho had any supervisory authority or control over Yan. See Bonenberger v. Plymouth Twp., 132 F.3d 20, 23 (3d Cir. 1997).

Finally, we agree with the District Court that there was sufficient evidence that defendant Lai had supervisory authority over Yan and thus was a "state actor" subject to liability under § 1983. Id. Yan first asserted that Lai had accelerated the exam date in retaliation for her actions in reporting defendant Ho to the PSU Police, filing a notice of job-related injury with the University, and filing a workers' compensation claim with the

government. Summary judgment was warranted because there is no evidence of a causal connection between the accelerated exam date and the protected activity. See Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Defendants submitted evidence that the comp exam was scheduled for May 1, 2008, to accommodate the schedules of the committee members. Yan failed to rebut this or to present any evidence of retaliatory intent.

Yan also maintained that Lai discriminated against her based on her gender. To prevail on a § 1983 claim for the denial of equal protection, Yan had to prove the existence of purposeful discrimination. Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005). The District Court properly concluded that Yan failed to demonstrate that Lai treated her differently than other similarly situated students. Id. As with her other claims, Yan wholly failed to establish the existence of a triable issue.

For the foregoing reasons, we will affirm the District Court's judgment.